STATE v. GRAYSON JENKINS.

*Judge's Charge— Witness.*

Where there is a severance on the trial of defendants, and another party charged in the bill testifies in behalf of the accused, it is error, as indicating the opinion of the court on the facts, to charge that the very fact that the witness is included in the same indictment will impair his testimony, and that his testimony should not be placed on the same plane or footing with that of a witness of undoubted character who is disinterested.

(*Noland* v. *McCracken,* 1 Dev. & Bat., 594; *State* v. *Jones,* 67 N. C., 285; *State* v. *Ellington,* 7 Ired., 67; *State* v. *Nash,* 8 Ired., 35; *State* v. *Nat,* 6 Jones, 114, cited and approved.)

INDICTMENT for larceny, tried at February Term, 1881, of the Criminal Court of New Hanover, before *Meares, J.*

The defendant Grayson Jenkins together with William Lee, who was examined as a witness in the case, and four others were indicted for larceny and receiving stolen goods. Three only of the defendants had been arrested, viz: Grayson Jenkins, William Lee, and Reed Devane, and upon the case being called for trial, the solicitor asked for and obtained a severance, and thereupon the defendant, Grayson Jenkins, was put upon his trial alone. The state introduced several witnesses and concluded its testimony, when the defendant introduced as a witness in his behalf Willam Lee, who was one of the defendants included in the bill of indictment and whose case had not been called. This witness contradicted some important statements made by at least two of the state's witnesses. In his remarks to the jury the solicitor argued that the witness, Lee, was one of the defendants, that his trial had not taken place, that he was an interested witness and ought not to be believed. The counsel for the defendant on the other hand contended that he had told the truth and should be believed. The court, after recapitulating the evidence in the case to the jury, and speaking in its charge of the legal rules of evidence by which the degree of credibility is to be tested, proceeded to comment on the attitude the witness Lee bore to the case, about whose testimony an issue of veracity had been raised, and remarked among other things, "that the jury should remember that the witness (Lee) for the defendant is included in the same bill of indictment, on a charge of larceny, and this very fact will impair his testimony, and that his testimony should not be placed on the same plane or footing with that of a witness of undoubted character who was disinterested."

The jury returned a verdict of guilty. There was a motion for a new trial based upon the exception taken by the

defendant to the remarks of his Honor touching the credibility of the witness Lee. The motion was overruled, judgment pronounced, and the defendant appealed.

*Attorney General*, for the State.
No counsel for the defendant.

ASHE, J. While it is competent for a judge in charging a jury, in his discretion as a precautionary measure to call their attention to any fact or circumstance proved on the trial, which affects the credit of a witness, it is incumbent on him to do so, without conveying to the jury his opinion on the weight of the testimony, otherwise it is error. *State* v. *Jones*, 67 N. C., 285; *State* v. *Ellington*, 7 Ired., 61, (opinion p. 67).

The competency of witnesses and the relevancy of their testimony are exclusively within the province of the court; the credit of witnesses and the sufficiency of their testimony are as exclusively matters for the determination of the jury. This was so at common law and is made especially so under our act of 1796. *Noland* v. *McCracken*, 1 Dev. & Bat., 594.

In those cases where the judges on the trial of cases in the superior courts have undertaken as a caution to the jury to comment upon the credibility of witnesses as affected by their connection with the case, or relationship to the parties, and the exceptions to the charges have been overruled by this court, it is where the remarks of the judge have been accompanied by instructions to the jury that it was their province to determine upon the credibility of the witnesses.

In the case of the *State* v. *Ellington, supra*, where the credibility of the mother and sister, examined as witnesses for the defendant, was attacked by the state on account of their relationship, the court charged the jury that it was their

province to determine it, and it was for them to say whether these witnesses had testified truly.

In *Nash's case,* 8 Ired., 35, where the credibility of the mother of the prisoner, who was examined in his behalf, was attacked on similar grounds, the court charged that the law regarded with suspicion the testimony of near relatives when testifying for each other; that it was the province of the jury to consider and decide upon the weight of her testimony. And in the case of the *State* v. *Nat,* 6 Jones, 114, where the witnesses were fellow-servants, and the court below instructed the jury that the relationship affected the credit of the witnesses, this court sustained his Honor, observing whether that was communicated to the jury in the one form of expression or another, it did not violate the law when they were told at the same time that they were to be judges of the extent to which the credit of the witnesses was impaired by such relationship.

In our case his Honor told the jury " that the witness for the defendant, William Lee, is included in the same bill of indictment on a charge of larceny, and this very fact will impair his testimony, and that his testimony should not be placed on the same plane or footing with that of a witness of undoubted character who was disinterested." It does not appear from the record that there was any explanation or qualification of these remarks. In giving them thus unqualified to the jury, we think his Honor transgressed the limits of his duty and invaded the province of the jury. We think it was a clear intimation of an opinion upon the weight of the testimony, and the jury might reasonably have drawn from the expressions of his Honor the inference that in his opinion they should give more credit to the state's witnesses than to the witness Lee.

We think his Honor overstepped his limits when he told the jury that the *very fact of the witness being included in the bill of indictment impaired his testimony.* It could not neces-

sarily impair his testimony, for if he had testified against his interest, so far from impairing his testimony, it would have strengthened it.

Holding as we do, that his Honor in his remarks to the jury intimated an opinion upon the weight of the evidence, this court will not hesitate to grant a new trial for such an irregularity. *State* v. *Jones, supra.* There is error.

Let this be certified to the criminal court of New Hanover county, that further proceedings may be had according to law.

Error.                                    *Venire de novo.*